[Civ. No. 2396.   First Appellate District.—May 15, 1918.]

ROBERT HENRY WILSON, as Executor, etc., Appellant,
v. LONDON GUARANTEE & ACCIDENT COMPANY,
LIMITED, (a Corporation), Respondent.

ACCIDENT INSURANCE LAW—INDEMNITY AGAINST LIABILITY FOR BODILY
INJURIES—NEGLIGENCE OF EMPLOYEE OF INDEPENDENT CONTRACTOR—
ACCIDENT NOT COVERED.—A policy of insurance against liability im-
posed by law upon the owner of a building and the party under
whose supervision the work was done and who let the contract and
did the carpenter and mason work, and resulting from the negli-
gence of any contractor or subcontractor engaged in such work,
does not cover an accident to person passing along the street sus-
tained by the negligence of an employee of an independent con-
tractor.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   W. M. Conley, Judge
Presiding.

The facts are stated in the opinion of the court.

Hugo D. Newhouse, James Alva Watt, and Watt, Miller,
Thornton & Watt, for Appellant.

Walter H. Linforth, for Respondent.

BEASLY, J., pro tem.—The essential facts of this case, as
they appear to us, are very simple.   The defendant, on July
24, 1906, wrote for the plaintiff's testator, James A. Wilson,
and for the Pacific States Telephone and Telegraph Company,
what is called an ''Owner's Contingent Liability'' accident
insurance policy.   It was provided therein that the defendant
company ''hereby agrees to indemnify Pacific States Tele-
phone & Telegraph Company and James A. Wilson . . .
against loss from the liability *imposed by law* upon the assured
for damages on account of bodily injuries or death accident-
ally suffered while this policy is in force by any person or
persons during the continuance of the work described in the
schedule, *and resulting from the negligence of any contractor
or subcontractor* engaged in such work.''   The schedule re-
ferred to contained the following statement: ''All work under

supervision of James A. Wilson who lets contract and does carpenter and mason work himself. This policy covers contracted work only.'' This provision was inserted for the purpose of bringing Wilson within the terms of this owners' policy. The building involved belonged to the telephone company, not to Wilson. One of the contracts on the building was let to the Roebling Construction Company. On the fifteenth day of November, 1906, and while this latter company was performing work on the building, one of its employees negligently let a heavy plank fall from the window of the building into the street. The plank struck the foot of O. R. Cole, who was passing along the street at the time, and crushed three of his toes. Cole recovered judgment against Wilson. Wilson paid the judgment and sued the defendant on the policy. The trial court decided against him, and he appeals from the judgment.

A great many questions are argued in the briefs of this case and were presented at the oral argument; but it seems to us that the answer to a single question, if in the negative, is decisive of the case, and that question is, whether this accident is covered by the policy.

We think it is not. It will be observed that the policy insured against liability imposed by law upon the assured and resulting from the negligence of a contractor or subcontractor engaged in work on the building. It was stated at the argument that it was difficult to imagine a case which would be covered by this policy. That may be true, but we are not called upon to do more than decide whether the facts of this case bring it within the terms of the policy. The Roebling Construction Company was an independent contractor. There is nothing in the record to show that it occupied any other position than any other independent contractor. This being so, the law imposed no liability upon Wilson for the negligence of the construction company or its employees. There are other provisions in this policy, but none which extend its protection to Wilson beyond that afforded him by the clause thereof quoted.

It is not improper, perhaps, in this connection to state the reasons why Wilson did not defeat the claim of Cole, as upon the record in this case it seems he ought to have been able to do. Cole was injured on the fifteenth day of November, 1906.. On or about the 17th of February, 1907, he began his action

against Wilson and the Roebling Construction Company and served Wilson with the summons and complaint. Wilson forwarded these papers to the Insurance Company. On the nineteenth day of February, 1907, the company returned the summons and complaint to Wilson, and notified him in writing that it refused to defend the action, and denied all liability. This accident not being covered by the policy, the Insurance Company was strictly within its rights in refusing to defend it. Wilson did not appear in the action at once, and on the first day of March, 1907, his default was entered, and on the twenty-ninth day of March, 1907, judgment was taken against him in the sum of six thousand three hundred dollars. From then until the fifteenth day of June, 1907, nearly three months later, he took no steps whatever in the action, but on the last-mentioned date served upon Cole's attorneys a notice of motion to set aside the default and the judgment based thereon upon the grounds, among others, that the default was entered on account of his excusable neglect. Voluminous papers were filed upon this motion, and it was finally denied. Wilson appealed to the supreme court, and that court sustained the trial court. Thereupon he paid the judgment, as has been said, and began this action against the defendant.

No good reason appears in the record why he should not have defended the case. His contention that he could not do so because of a provision in the policy to the effect that he would not interfere with litigation but would leave the conduct of the same to the Insurance Company does not excuse him, because the Insurance Company promptly notified him that it would not defend the action, and it was his duty to himself, and he had the legal right of course, to make the legal defense which, according to his affidavit of merits filed upon the motion to set aside his default, he was advised and believed he had. This court cannot make a contract of insurance for him at this late day covering this liability, nor can it assist him to avoid the effects of his own remissness in not defending the action begun against him, by giving him a judgment against the Insurance Company to which his policy does not entitle him.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.